**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| FREEDOM PATH, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-01349 (KBJ) |
| ) | |
| INTERNAL REVENUE SERVICE, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

### NOTICE AND PROPOSED BRIEFING SCHEDULE FOR MOTION TO DISMISS

Pursuant to the Court's General Order and Guidelines Applicable to APA Cases (Doc. 15), Defendants give notice of their intent to file a motion to dismiss Counts II through V of the Complaint.[1] The parties jointly propose the following briefing schedule for the motion to dismiss:

| | |
|---|---|
| Defendants serve their motion and brief: | October 9, 2020 |
| Plaintiff serves its response: | November 9, 2020 |

---

[1] "[T]he weight of the case authority (which is not extensive) holds that the filing of a motion that only addresses part of a complaint suspends the time to respond to the entire complaint, not just to the claims that are the subject of the motion." *See Finnegan v. Univ. of Rochester Med. Ctr.*, 180 F.R.D. 247, 249-50 (W.D.N.Y. 1998); *see also Ideal Instruments, Inc. v. Rivard Instruments, Inc.*, 434 F. Supp. 2d 598, 639-40 (N.D. Iowa 2006); *Brocksopp Engineering, Inc. v. Bach-Simpson Ltd.*, 136 F.R.D. 485 (E.D. Wisc. 1991); 5B Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Richard L. Marcus & Adam N. Steinman § 1346 (3d ed. 2013) ("the weight of the limited authority on this point is to the effect that the filing of a motion that only addresses part of a complaint suspends the time to respond to the entire complaint, not just to the claims that are the subject of the motion."); *but see Gerlach v. Mich. Bell Tel. Co.*, 448 F. Supp. 1168, 1174 (E.D. Mich. 1978) (finding that a motion to dismiss only tolls time to answer counts that are subject of the motion but declining to enter default judgment against litigant and extending time to answer remaining claims).

|  |  |
|---|---|
| Defendants serve any reply: | November 24, 2020 |

| | |
|---|---|
| DATED: September 21, 2020 | RICHARD E. ZUCKERMAN<br>Principal Deputy Assistant Attorney General<br><br>*/s/ Jospeh A. Sergi*<br>JOSEPH A. SERGI (D.C. Bar No. 480837)<br>Senior Litigation Counsel<br>LAURA M. CONNER (VA Bar No. 40388)<br>NISHANT KUMAR (D.C. Bar No. 1019053)<br>RICHARD J. HAGERMAN<br>Trial Attorneys<br>Tax Division<br>U.S. Department of Justice<br>Post Office Box 227<br>Washington, DC 20044<br>Tel: (202) 514-2986<br>Fax: (202) 514-6866<br>joseph.a.sergi@usdoj.gov<br>laura.m.conner@usdoj.gov<br>nishant.kumar@usdoj.gov<br>richard.j.hagerman@usdoj.gov<br><br>Counsel for Defendants<br><br>*/s/ Scott A. Keller*<br>Scott A. Keller<br>D.C. Bar No. 1632053<br>Baker Botts LLP<br>700 K St. NW<br>Washington, D.C.  20001<br>(202) 639-7837<br>scott.keller@bakerbotts.com<br><br>Chris K. Gober<br>D.C. Bar No. 975981<br>The Gober Group PLLC<br>7500 Rilato Blvd., Bldg. 2, Suite 250<br>Austin, TX  78735<br>(512) 354-1787<br>cg@gobergroup.com<br><br>Counsel for Plaintiff |