**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| FREEDOM PATH, INC., | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-01349 (KBJ) |
| | ) | |
| INTERNAL REVENUE SERVICE, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## DEFENDANTS' ANSWER TO AMENDED COMPLAINT

Defendants answer the Plaintiff's First Amended Complaint (Doc. 20-1). In answering the First Amended Complaint, Defendants deny each and every allegation not specifically admitted below.

### FIRST DEFENSE

To the extent Plaintiff seeks an independent declaration regarding the constitutionality of Revenue Ruling 2004-6, the Anti-Injunction Act and the tax exception to the Declaratory Judgment Act bar that relief.

### SECOND DEFENSE

To the extent Plaintiff seeks an independent declaration regarding the constitutionality of Revenue Ruling 2004-6, Plaintiff lacks standing to obtain that relief.

### THIRD DEFENSE

To the extent Plaintiff raises a facial constitutional challenge to Revenue Ruling 2004-6, issue preclusion bars Plaintiff from relitigating its standing to pursue that claim.

1

**FOURTH DEFENSE**

In further response to the First Amended Complaint, Defendants answer the numbered paragraphs of that pleading as follows:

1.     This paragraph consists of multiple conclusions of law to which no response is required; to the extent a response is required, Defendants deny all allegations in this paragraph, except that they admit that Freedom Path seeks a declaration under 26 U.S.C. § 7428, as this is a description of Plaintiff's cause of action.

2.     This paragraph consists of multiple conclusions of law to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

3.     This paragraph consists of multiple conclusions of law to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

4.     This paragraph is a conclusion of law to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

5.     To the extent Plaintiff seeks a declaration of its tax status under 26 U.S.C. § 7428, Defendants admit the Court has jurisdiction over this matter; Defendants deny any remaining allegations in this paragraph.

6.     To the extent Plaintiff seeks a declaration of its tax status under 26 U.S.C. § 7428, Defendants admit that sovereign immunity does not bar Plaintiff's claim; Defendants deny any remaining allegations in this paragraph.

7.     Defendants admit the allegations in this paragraph.

8.     Defendants admit the allegations in this paragraph.

9.     Defendants admit the allegations in this paragraph.

10.    Defendants admit the allegations in this paragraph.

11.     Defendants admit the allegations in the first sentence of this paragraph, and deny the allegations in the second sentence.

12.     Defendants admit the allegations in this paragraph.

13.     Defendants admit the allegations in this paragraph.

14.     Defendants admit that the Internal Revenue Service is part of the Department of the Treasury, which is an agency in the Executive Branch; Defendants cannot determine whether the Treasury is "responsible for . . . the Internal Revenue Service" because that allegation is vague and thus deny that allegation.

15.     Defendants admit the allegations in this paragraph.

16.     Defendants admit that the United States is a proper defendant to Plaintiff's 26 U.S.C. § 7428 claim; Defendants deny any remaining allegations in this paragraph.

17.     Defendants admit that Plaintiff is a Texas nonprofit corporation but deny the remaining allegations in the first sentence of this paragraph. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of this paragraph. Defendants deny the allegations in the third sentence of this paragraph.

18.     [No corresponding paragraph in Amended Complaint.]

19.     [No corresponding paragraph in Amended Complaint.]

20.     This paragraph is a conclusion of law to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

21.     Defendants admit that the words "sharper" and "greater certainty" appear in the IRS document cited, but deny the remainder of the allegations in this paragraph as an inaccurate gloss on the full meaning of the document.

3

22.     Defendants admit this paragraph to the extent it quotes verbatim from the cited IRS document and deny any remaining allegations in this paragraph.

23.     Defendants deny the allegations in this paragraph as stated, but admit that the selected portion of 26 U.S.C. § 501(a) reads as follows:  "An organization described in subsection (c) or (d) . . . shall be exempt from taxation under this subtitle unless such exemption is denied under section 502 or 503."

24.     This paragraph consists of multiple conclusions of law to which no response is required; to the extent a response is required, Defendants admit the allegations only to the extent they quote verbatim from the Internal Revenue Code and cited administrative materials, and deny the remainder of the allegations.

25.     This paragraph consists of multiple conclusions of law to which no response is required; to the extent a response is required, the Defendants admit the allegations only to the extent they quote verbatim from the Internal Revenue Code, and deny any remaining allegations.

26.     This paragraph consists of multiple conclusions of law to which no response is required; to the extent a response is required, the Defendants admit the allegations only to the extent they quote verbatim from the Revenue Ruling, and deny any remaining allegations.

27.     This paragraph consists of multiple conclusions of law to which no response is required; to the extent a response is required, Defendants admit the allegations only to the extent they quote verbatim from the Internal Revenue Code, and deny any remaining allegations.

28.     This paragraph consists of multiple conclusions of law to which no response is required; to the extent a response is required, Defendants admit the allegations only to the extent they quote verbatim from the Internal Revenue Code, and deny any remaining allegations.

29.     Defendants admit the allegations of this paragraph to the extent consistent with statute, regulation and published guidance, and deny any remaining allegations.

30.     This paragraph is a conclusion of law to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

31.     This paragraph consists of multiple conclusions of law to which no response is required; to the extent a response is required, Defendants admit the allegations only to the extent they quote verbatim from the Internal Revenue Code, and deny any remaining allegations.

32.     This paragraph is a conclusion of law to which no response is required; to the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

33.     This paragraph is a conclusion of law to which no response is required; to the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

34.     This paragraph is a conclusion of law to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

35.     This paragraph is a conclusion of law to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

36.     This paragraph contains multiple conclusions of law to which no response is required; to the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

37.     This paragraph is a conclusion of law to which no response is required; to the extent a response is required, Defendants admit that Plaintiff accurately quotes an excerpt from the cited Supreme Court opinion, and deny any remaining allegations.

5

38.     This paragraph consists of multiple conclusions of law to which no response is required; to the extent a response is required, Defendants admit the allegations only to the extent they quote verbatim from the Internal Revenue Code, and deny any remaining allegations.

39.     This paragraph consists of a conclusion of law to which no response is required; to the extent a response is required, Defendants admit the allegations in this paragraph.

40.     This paragraph consists of a conclusion of law to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

41.     This paragraph consists of a conclusion of law to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

42.     This paragraph consists of a conclusion of law to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

43.     This paragraph consists of a conclusion of law to which no response is required; to the extent a response is required, Defendants admit the allegations only to the extent they quote verbatim from the Revenue Ruling, and deny any remaining allegations.

44.     Defendants admit the allegations of this paragraph only to the extent they quote verbatim from the Revenue Ruling, and deny the remainder of the allegations.

45.     Defendants admit the allegations of this paragraph only to the extent they quote verbatim from the Revenue Ruling, and deny the remainder of the allegations.

46.     This paragraph consists of a conclusion of law to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph as written, as the text of Revenue Ruling 2004-6 speaks for itself.

47.     Defendants admit that the Revenue Ruling presents six hypothetical situations, and deny the remaining allegations in this paragraph.

48.     Defendants admit the portion of this paragraph that quotes verbatim from the Revenue Ruling, and deny the remaining allegations.

49.     This paragraph consists of a conclusion of law to which no response is required; to the extent a response is required, Defendants deny the allegations of this paragraph.

50.     This paragraph consists of a conclusion of law to which no response is required; to the extent a response is required, Defendants deny the allegations of this paragraph.

51.     This paragraph consists of a conclusion of law to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

52.     This paragraph consists of a conclusion of law to which no response is required; to the extent a response is required, Defendants admit that Plaintiff selectively quotes portions of a Supreme Court opinion, and deny the remaining allegations in this paragraph.

53.     This paragraph consists of a conclusion of law to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

54.     This paragraph consists of a conclusion of law to which no response is required; to the extent a response is required, Defendants admit that Plaintiff accurately quotes phrases from a Supreme Court decision and deny the remaining allegations in this paragraph.

55.     This paragraph consists of a conclusion of law to which no response is required; to the extent a response is required, Defendants admit that Plaintiff accurately quotes phrases from a Supreme Court decision and deny the remaining allegations in this paragraph.

56.     This paragraph consists of a conclusion of law to which no response is required; to the extent a response is required, Defendants admit that Plaintiff accurately quotes phrases from a Supreme Court decision and deny the remaining allegations in this paragraph.

57.     This paragraph consists of a conclusion of law to which no response is required; to the extent a response is required, Defendants admit that Plaintiff accurately quotes phrases from a Supreme Court decision and deny the remaining allegations in this paragraph.

58.     This paragraph consists of a conclusion of law to which no response is required; to the extent a response is required, Defendants admit that Plaintiff accurately quotes phrases from a Supreme Court decision and deny the remaining allegations in this paragraph.

59.     This paragraph consists of a conclusion of law to which no response is required; to the extent a response is required, Defendants admit that Plaintiffs accurately cite a portion of the D.C. Circuit decision in *Big Mama Rag, Inc. v. United States*, 631 F.2d 1030, 1034 (D.C. Cir. 1980) and deny the remaining allegations in this paragraph.

60.     This paragraph consists of a conclusion of law to which no response is required; to the extent a response is required, the Defendants admit that Plaintiff accurately quotes a phrase from a Supreme Court decision and deny the remaining allegations in this paragraph.

61.     This paragraph consists of a conclusion of law to which no response is required; to the extent a response is required, Defendants admit that Plaintiff accurately quotes phrases from the Revenue Ruling and deny the remaining allegations in this paragraph.

62.     This paragraph consists of a conclusion of law to which no response is required; to the extent a response is required, the Defendants deny the allegations in this paragraph.

63.     This paragraph consists of a conclusion of law to which no response is required; to the extent a response is required, Defendants admit that Plaintiff accurately quotes a selected phrase from the cited letter but otherwise denies the remaining allegations as written. Defendants aver that the cited letter also states:

Section 3.06 of Revenue Procedure 2013-4,2013-1 IRB 126, provides that an "information letter" is a statement issued by the Director, Exempt Organizations Rulings and Agreements that "calls attention to a well established interpretation or principle of tax law ... without applying it to a specific set of facts." lt also provides: "An information letter is advisory only and has no binding effect on the Service."

. . .

Rev. Rul. 2004-6 and Rev. Rul. 2007-41 make determinations under different sections of the Internal Revenue Code. There is not "a well established interpretation or principle of tax law" that responds to your specific questions. Therefore, pursuant to Rev. Proc. 2012-4, we decline to issue an information letter.

64.      Defendants deny the allegations in this paragraph.

65.      Defendants deny the allegations in this paragraph.

66.      Defendants admit that Plaintiff accurately quotes a portion of the Ninth Circuit opinion it cites in this paragraph, and deny any other allegations in the paragraph.

67.      Defendants admit that Plaintiff accurately quotes a portion of the Eleventh Circuit opinion it cites in this paragraph, and deny any other allegations in the paragraph.

68.      This paragraph consists of a conclusion of law to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

69.      This paragraph consists of a conclusion of law to which no response is required; to the extent a response is required, Defendants admit that Plaintiff accurately quotes phrases from the cited Supreme Court opinion, and deny the remaining allegations in this paragraph.

70.      This paragraph consists of a conclusion of law to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

71.      Defendants deny the allegations of this paragraph as written and aver as follows: Plaintiff's original Form 1024 Application for Recognition of Exemption was signed and postmarked January 21, 2011, and received by the IRS on January 24, 2011.  By letter dated

February 28, 2011, the IRS informed Plaintiff that, in order to process its application, it required

a copy of the Articles of Incorporation that documented filing with the appropriate state agency.

Along with a cover letter dated March 7, 2011, Plaintiff resubmitted its original application,

along with a copy of the missing proof of filing of its Articles of Incorporation. Although the

materials submitted with the March 7, 2011 letter may have included all documentation and

information specifically requested by the Form 1024, Defendants deny that all information

needed for the IRS to make a determination regarding Plaintiff's tax-exempt status was provided

at that time.

72.     Defendants admit the allegations in this paragraph.

73.     Defendants admit the allegations in this paragraph.

74.     Defendants admit that on February 13, 2012, the IRS sent Plaintiff a set of

additional requests for information, and deny the remaining allegations in this paragraph.

75.     Defendants admit that the letter requested the names of Plaintiff's donors, but

deny that the letter "attempted to force" Plaintiff to do anything.

76.     Defendants admit that, in a letter dated February 13, 2012, the IRS requested

some information from Plaintiff, including names of its donors, that the IRS Exempt

Organization function later determined in general to be "unnecessary," but deny the remaining

allegations in this paragraph.

77.     Defendants admit that Plaintiff responded to the IRS's request for additional

information on or about June 3, 2012, and did not provide donor names, but deny the remaining

allegations in this paragraph.

78.     Defendants admit that the IRS did not respond or seek further information from

June 3, 2012 to February 20, 2013, but deny the remaining allegations in this paragraph.

79.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

80.     Defendants admit the allegations in this paragraph.

81.     Defendants admit that Plaintiff sent a letter, dated April 18, 2013, in response to the IRS's February 20, 2013 request that provided some additional information but declined to provide other information, citing the IRS's disclosure of Plaintiff's then-pending application to ProPublica, but denies the remaining allegations in this paragraph.

82.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

83.     Defendants admit the allegations in this paragraph.

84.     Defendants deny the allegations in this paragraph as written. The cited letters should be referred to for a full expression of their content.

85.     Defendants admit that Ms. Lerner made remarks before a meeting of the Exempt Organizations Committee of the Tax Section of the American Bar Association on May 10, 2013, but deny the remaining allegations in this paragraph.

86.     Defendants deny the allegations in this paragraph as written. The 16 cited pages of the 2013 TIGTA Report should be referred to for a full expression of their content.

87.     Defendants admit the allegations in this paragraph, but aver that the Letter 5228 sent to Plaintiff was the June 2013 version, rather than the September 2013 revision.

88.     Defendants admit that the expedited process allowed applicants to "make representations to the IRS under penalties of perjury regarding their past, current, and future activities and receive a determination letter based on those representations." Defendants aver that

the phrase "political activities" does not appear in the Letter 5228. Defendants deny the remaining allegations in this paragraph.

89.     This paragraph consists of a conclusion of law to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

90.     Defendants admit the allegations in this paragraph.

91.     Defendants admit that the IRS issued Plaintiff a proposed denial of its application for tax-exempt status, in the form of its letter dated September 30, 2013 (a copy of which is included in Doc. 1-5). Defendants deny the remaining allegations in this paragraph.

92.     Defendants admit that the IRS issued Plaintiff a proposed denial of its application for tax-exempt status, in the form of its letter of September 30, 2013 (a copy of which is included in Doc. 1-5). Defendants admit that, in that proposed denial, the IRS discussed the "facts and circumstances" test found in Revenue Ruling 2004-6 as well as Plaintiff's activities, including six television advertisements that Plaintiff had submitted to the IRS, five of which the IRS concluded constituted political campaign intervention. Defendants deny any remaining allegations in this paragraph.

93.     Defendants admit that the IRS issued Plaintiff a proposed denial of its application for tax-exempt status, in the form of its letter dated September 30, 2013 (a copy of which is included in Doc. 1-5). Defendants admit that, in that proposed denial, the IRS discussed the "facts and circumstances" test found in Revenue Ruling 2004-6 as well as Plaintiff's activities, including two television advertisements ("Repeal It" and "Three Men") that Plaintiff had submitted to the IRS, which the IRS concluded constituted political campaign intervention. Defendants admit that, in the September 2013 Letter, the IRS concluded that the "Three Men"

12

and "Repeal It" advertisements were political campaign intervention under all the facts and circumstances. Defendants deny any remaining allegations in this paragraph.

94.     Defendants admit the allegations in this paragraph.

95.     This paragraph contains conclusions of law as to the application and constitutionality of the "facts and circumstances" test that do not require a response; to the extent a response is required, those allegations are denied; the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations about the "time and resources" Plaintiff expended, if any, in communicating with the IRS.

96.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

97.     Defendants admit the allegations in this paragraph.

98.     Defendants admit the allegations to the extent Plaintiff quotes verbatim from the 2013 TIGTA Report and deny any remaining allegations in this paragraph.

99.     Defendants admit the allegations in this paragraph.

100.     Defendants deny the allegations in this paragraph.

101.     Defendants admit that the proposed denial letter concluded that five television advertisements and eight mailers that constituted political campaign intervention accounted for about 60 percent of Plaintiff's direct expenditures for the relevant year and that the IRS concluded that one television advertisement and twelve mailers that did not express either disapproval for a certain candidate or disapproval of another candidate accounted for about 30 percent of Plaintiff's direct expenditures for the relevant year. Defendants deny any remaining allegations in this paragraph.

102.    This paragraph is a conclusion of law to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

103.    Defendants admit that the proposed denial letter determined that the "Repeal It" and "Three Men" advertisements constituted political campaign intervention, and that the IRS considered all facts and circumstances in making that determination. Defendants deny any remaining allegations in this paragraph.

104.    This paragraph is a conclusion of law to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

105.    This paragraph is a conclusion of law to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

106.    Defendants deny the allegations in this paragraph as written.  Defendants instead aver that the IRS's proposed denial letter addresses six television advertisements and twenty mailers and that the IRS found that more than 90 percent of Plaintiff's direct expenditures in the relevant year were for producing and distributing the six television advertisements and twenty mailers. Only the first five pages of the exhibit at Doc. 6-1 constitute the IRS's final determination letter. The remaining pages of that exhibit are a redacted copy and an unredacted copy of the proposed denial letter, along with a copy of IRS Notice 437, Notice of Intention to Disclose, that the IRS sent to Plaintiff separately from the final determination letter.

107.    Defendants admit the allegations in this paragraph.

108.    Defendants deny the allegations in this paragraph.

109.    Defendants deny the allegations in this paragraph.

110.    Defendants admit the allegations in this paragraph.

111.    Defendants admit the allegations in this paragraph.

14

112.    Defendants admit the allegations in this paragraph.

113.    Defendants admit the allegations in this paragraph.

114.    Defendants deny the allegations in this paragraph.

115.    Defendants deny the allegations in this paragraph.

116.    Defendants admit the allegations in this paragraph.

117.    Defendants deny the allegations in this paragraph.

118.    Defendants deny the allegations in this paragraph.

119.    Defendants deny the allegations in this paragraph.

120.    Defendants deny the allegations in this paragraph.

121.    Defendants admit the allegations in this paragraph.

122.    Defendants admit the allegations in this paragraph.

123.    Defendants admit the allegations in this paragraph.

124.    This paragraph is a conclusion of law to which no response is required; to the extent a response is required, Defendants deny that the allegations in this paragraph include a complete description of the meaning of "electioneering communication" as used in 52 U.S.C. § 30104(f)(3)(A).

125.    This paragraph is a conclusion of law to which no response is required; to the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

126.    This paragraph is a conclusion of law to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

127.    Defendants admit the allegations in this paragraph, except Defendants note that the quoted material is from the IRS's proposed denial letter.

15

128.    Defendants deny the allegations in this paragraph.

129.    Defendants admit the allegations in this paragraph.

130.    Defendants admit that the quoted material appears in the IRS's proposed denial letter, but deny the remaining allegations in this paragraph.

131.    Defendants deny the allegations in this paragraph.

132.    Defendants admit the allegations in this paragraph.

133.    This paragraph is a conclusion of law to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

134.    Defendants deny the allegations in this paragraph.

135.    Defendants deny the allegations in this paragraph.

136.    Defendants admit the allegations in this paragraph, but note that the IRS estimated the percentage of Plaintiff's direct expenditures based on other information Plaintiff provided, as Plaintiff did not provide the amounts it had spent on each television advertisement and mailer, although the IRS had requested that information.

137.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

138.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

139.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

140.    Defendants admit that Plaintiff created at least six television advertisements that it distributed in Utah, deny that Plaintiff is exempt from tax under section 501(c)(4), and lack

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

141.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

142.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

143.    Defendants admit that the "Leader" advertisement includes a statement urging then-Senator Orrin Hatch to "keep fighting ObamaCare." Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

144.    Defendants admit that Plaintiff has accurately quoted selected portions of Revenue Ruling 2004-6, deny that the facts and circumstances test is unlawful, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

145.    Defendants deny the allegations in the first sentence of this paragraph. Defendants admit that the IRS has not issued specific formal guidance on the noted topics, nor is it required to do so.

146.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

147.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

148.    Defendants deny the allegations in this paragraph.

149.    Defendants deny the allegations in this paragraph.

17

150.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

151.    Defendants deny the allegations in this paragraph.

152.    Defendants admit that the ad "BBA/Leaders" aired in July 2011 and May 2012, and deny the remaining allegations in this paragraph.

153.    Defendants deny the allegations in this paragraph.

154.    Defendants admit the allegations in this paragraph.

155.    Defendants admit the allegations in this paragraph.

156.    Defendants admit the allegations in this paragraph, but note that the facts and circumstances test in Revenue Ruling 2004-6 is not the only authority that supports the IRS's conclusion, and note that the IRS's discussion of the "Repeal It" advertisement appears in the proposed denial letter.

157.    Defendants admit the allegations in this paragraph.

158.    Defendants admit that the 2012 Utah Republican State Convention was held on April 21, 2012, and that Utah's primary election was held on June 26, 2012.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and its footnotes.

159.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

160.    Defendants admit the allegations in this paragraph.

161.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

18

162.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

163.    Defendants admit the allegations in this paragraph.

164.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

165.    Defendants admit the allegations in this paragraph.

166.    Defendants admit the allegations in this paragraph, but note that the facts and circumstances test in Revenue Ruling 2004-6 is not the only authority that supports the IRS's conclusion, and note that the IRS's discussion of the "Three Men" advertisement appears in the proposed denial letter.

167.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

168.    Defendants admit that the IRS's proposed denial letter states that "[n]o vote on the [Balanced Budget Amendment] was scheduled around the time the advertisement aired. Rather, the [Balanced Budget Amendment] had been introduced early in the previous year and referred to a committee, with no further action taken."  (Doc. 1-6 at 13.)  Defendants deny any remaining allegations in this paragraph.

169.    Defendants admit the allegations only to the extent they quote verbatim from selected portions of the Revenue Ruling.  Any remaining allegations in this paragraph consist of conclusions of law to which no response is required; to the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

170.    This paragraph consists of a conclusion of law to which no response is required; to the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

171.    Defendants deny the allegations in this paragraph.

172.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

173.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

174.    This paragraph consists of a conclusion of law to which no response is required; to the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

175.    Defendants deny the allegations in this paragraph.

176.    Defendants deny the allegations in this paragraph.

177.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

178.    Defendants admit that the "Repeal It" and "Three Men" advertisements include a telephone number and statements urging viewers to tell Senator Hatch to "keep leading the fight" against ObamaCare and to tell Senators Hatch and Lee to "keep leading the fight" for the Balanced Budget Amendment.  Defendants deny any remaining allegations in this paragraph.

179.    Defendants admit that the "Repeal It" and "Three Men" advertisements include a telephone number and statements urging viewers to tell Senator Hatch to "keep leading the fight" against ObamaCare and to tell Senators Hatch and Lee to "keep leading the fight" for the Balanced Budget Amendment.  Defendants deny any remaining allegations in this paragraph.

20

180.    Defendants admit the allegations only to the extent they quote verbatim from selected portions of the proposed denial letter, and deny any remaining allegations in this paragraph.

181.    Defendants admit the allegations only to the extent they quote verbatim from a selected portion of the Revenue Ruling.  Any remaining allegations in this paragraph consist of conclusions of law to which no response is required; to the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

182.    This paragraph consists of a conclusion of law to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

183.    Defendants deny the allegations in this paragraph.

184.    This paragraph consists of a conclusion of law to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

185.    Defendants deny the allegations in this paragraph.

186.    This paragraph consists of a conclusion of law to which no response is required; to the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

187.    Defendants deny the allegations in this paragraph.

188.    Defendants admit the allegations only to the extent they quote verbatim from a selected portion of the Revenue Ruling and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

189.    Defendants admit the allegations in this paragraph.

190.    Defendants admit the allegations only to the extent they quote verbatim from a selected portion of the Revenue Ruling and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

191.    Defendants admit the allegations only to the extent they quote verbatim from a selected portion of the Revenue Ruling and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

192.    Defendants deny the allegations in this paragraph.

193.    Defendants admit the allegations only to the extent they quote verbatim from a selected portion of the Revenue Ruling and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

194.    Defendants admit the allegations only to the extent they quote verbatim from a selected portion of the Revenue Ruling and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

195.    Defendants admit the allegations only to the extent they quote verbatim from a selected portion of the Revenue Ruling and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

196.    Defendants deny the allegations in this paragraph.

197.    Defendants admit that the IRS concluded that five television advertisements and eight mailers accounted for about 60 percent of Plaintiff's direct expenditures for the relevant year and that Plaintiff does not meet the qualifications for tax-exempt status under 26 U.S.C. § 501(c)(4). Defendants deny the remaining allegations in this paragraph.

198.    Defendants deny the allegations in this paragraph.

199.    Defendants deny the allegations in this paragraph.

22

200.     Defendants incorporate their responses in the preceding paragraphs.

201.     Defendants deny the allegations in this paragraph.

202.     Defendants deny the allegations in this paragraph.

203.     Defendants deny the allegations in this paragraph.

204.     This paragraph consists of conclusions of law to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

205.     This paragraph consists of conclusions of law to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

206.     This paragraph consists of conclusions of law to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

207.     This paragraph consists of conclusions of law to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

208.     This paragraph consists of conclusions of law to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

209.     This paragraph consists of conclusions of law to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

210.     This paragraph consists of conclusions of law to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

211.     This paragraph consists of conclusions of law to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

212.     This paragraph consists of conclusions of law to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

213.    This paragraph consists of conclusions of law to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

214.    Defendants deny the allegations in this paragraph.

215.    This paragraph consists of conclusions of law to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

216.    This paragraph consists of conclusions of law to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

217.    This paragraph consists of conclusions of law to which no response is required; to the extent a response is required, Defendants deny the allegations in this paragraph.

218.    Defendants admit the allegations in this paragraph, but denies that Plaintiff is entitled to a declaration that it qualifies for tax-exempt status under 26 U.S.C. § 501(c)(4).

219.    This paragraph consists of conclusions of law to which no response is required; to the extent a response is required, Defendants admit that Plaintiff has exhausted its administrative remedies and deny the remaining allegations in this paragraph.

WHEREFORE, Defendants ask the Court to deny Plaintiff the relief it requests and to determine that Plaintiff does not qualify as an organization exempt from tax under 26 U.S.C. § 501(c)(4).

DATED: December 4, 2020

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

*/s/ Joseph A. Sergi*
JOSEPH A. SERGI (D.C. Bar No. 480837)
Senior Litigation Counsel
LAURA M. CONNER (VA Bar No. 40388)
NISHANT KUMAR (D.C. Bar No. 1019053)
RICHARD J. HAGERMAN
Trial Attorneys
Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC 20044
Tel: (202) 514-2986
Fax: (202) 514-6866
joseph.a.sergi@usdoj.gov
laura.m.conner@usdoj.gov
nishant.kumar@usdoj.gov
richard.j.hagerman@usdoj.gov

Counsel for Defendants