UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FREEDOM PATH, INC., )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>INTERNAL REVENUE SERVICE, *et al.* )<br>)<br>Defendants. )<br>_____ ) | No. 1:20-cv-01349 (JMC) |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff Freedom Path, Inc., submits this Notice of Supplemental Authority in support of its pending Motion for Summary Judgment (ECF 30) and Opposition to Defendants' Cross-Motion for Summary Judgment (ECF 33).

Last week, the United States Supreme Court decided *Federal Election Commission v. Cruz*, in which the Court reiterated that regulation of political speech may not "burden[ ] core speech" or otherwise penalize the exercise of speech such that government regulation "reduc[es] the amount of political speech." No. 21-12, 2022 WL 1528348, at *7 (U.S. May 16, 2022), attached as Exhibit A.

Specifically, the Court in *Cruz* invalidated statutory and regulatory limitations on whether and how federal political candidates may be repaid for loans they make to their campaigns. *Id.* at *3, *12. The Court concluded that limitations on loan repayment raised the risk that candidates would not have their loans repaid at all—which made candidates less likely to loan "money to their campaigns in the first place, burdening core speech." *Id.* at *7. And this burden on core political speech failed to further any legitimate interest. *Id.* at *8.

1

Here, the IRS's 11-part "Facts and Circumstances" test for determining whether speech constitutes "political campaign intervention" burdens core political speech in similar ways.

*First*, the IRS's purported "test" chills the speech of all current and prospective 26 U.S.C. § 501(c)(4) "public welfare organizations" because it blankets all their communications with uncertainty about whether their speech will be deemed "political campaign intervention." *E.g.*, ECF 30-1 at 25-32.

*Second*, whether an organization qualifies for § 501(c)(4) status affects whether the organization must disclose its donors to the public. ECF 34 at 19-22. Because these disclosure requirements similarly chill speech, any uncertainty about whether donations to an organization must be disclosed will chill donations to those organizations—limiting both the organization's and the donor's speech.

Plaintiff respectfully requests this Court grant Plaintiff's Motion for Summary Judgment, declaring that the 11-part "Facts and Circumstances" test is unconstitutionally vague and that Freedom Path is entitled to 26 U.S.C. § 501(c)(4) status.

Dated: May 24, 2022

Chris K. Gober
D.C. Bar No. 975981
The Gober Group PLLC
14425 Falcon Head Blvd. E-100
Austin, TX 78738
(512) 354-1783
cg@gobergroup.com

Respectfully submitted,

s/ *Scott A. Keller*
Scott A. Keller
D.C. Bar No. 1632053
Jeremy Evan Maltz
D.C. Bar No. 155451
Lehotsky Keller LLP
200 Massachusetts Ave. NW
Washington, DC 20001
(512) 693-8350
scott@lehotskykeller.com

*Counsel for Plaintiff Freedom Path, Inc.*