UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FREEDOM PATH, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-01349 (KBJ) |
| ) | |
| INTERNAL REVENUE SERVICE, *et al.* ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff Freedom Path recently drew this Court's attention to the May 2022 Supreme Court decision in *FEC v. Ted Cruz for Senate, et al*. *See* dkt. 39 (attaching slip op. of *FEC v. Ted Cruz for Senate, et al.*, 596 U.S. ____ (2022)). Freedom Path continues to mine the wrong vein of case law in search of support for its position.

In *FEC v. Cruz*, the majority and dissent both agreed that the law being challenged abridged the freedom of speech. Slip op. (see dkt. 39-1) at 10 ("The Government seems to agree with appellees that the loan-repayment limitation abridges First Amendment rights, at least to some extent . . . and we reach the same conclusion.") (citation omitted); slip. op. at 15 ("the Government is defending a restriction on speech"); *see also* dissent at 4-5 (arguing that the challenged law "entails only a marginal restriction" on speech).

That is because, under Supreme Court jurisprudence, restrictions on campaign contribution and campaign spending are, to varying degrees, *restrictions* on speech. *See Buckley v. Valeo*, 424 U.S. 1, 23 ("In sum, although the Act's contribution and expenditure limitations both implicate fundamental First Amendment interests, its expenditure ceilings impose

significantly more severe restrictions on protected freedoms of political expression and association than do its limitations on financial contributions.")

Because it deals with a restriction on First Amendment rights, *FEC v. Cruz* is, in the terrain of First Amendment law, already a chasm apart from what is at issue in *this* case, which is not a restriction on speech at all.  The IRS Revenue Ruling at issue here can help to guide the decision whether to grant tax-exempt status to an organization.  As explained in the Government's briefing, subject to narrow exceptions not applicable here, the Government's decision not to subsidize speech with a tax exemption "has not infringed any First Amendment rights or regulated any First Amendment activity." *See, e.g.*, dkt. 35 (Gov't Reply Br.) at 20-21 (citing, *inter alia*, *Regan v. Taxation with Representation of Washington*, 461 U.S. 540, 546 (1983)).

Because the *FEC v. Cruz* case does not address conditions on a Government subsidy of private speech, much less opine on the standard of "vagueness review" the Court should apply when vetting these conditions, the *FEC v. Cruz* opinion has no bearing on the dispute before the Court.


	//




	//

DATED: June 2, 2022

DAVID A. HUBBERT
Deputy Assistant Attorney General

*/s/ Nishant Kumar*
LAURA M. CONNER (VA Bar No. 40388)
NISHANT KUMAR (DC Bar No. 1019053)
RICHARD HAGERMAN (NY Bar No. 5113303)
Trial Attorneys
JOSEPH A. SERGI (DC Bar No. 480837)
Senior Litigation Counsel
Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC 20044
Tel: (202) 514-2986
Fax: (202) 514-6866
laura.m.conner@usdoj.gov
nishant.kumar@usdoj.gov
richard.j.hagerman@usdoj.gov
joseph.a.sergi@usdoj.gov

Counsel for Defendants