UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FREEDOM PATH, INC., )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>INTERNAL REVENUE SERVICE, *et al.* )<br>)<br>Defendants. )<br>_____ ) | No. 1:20-cv-01349 (JMC) |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff Freedom Path, Inc., submits this Notice of Supplemental Authority in support of its pending Motion for Summary Judgment (ECF 30) and Opposition to Defendants' Cross-Motion for Summary Judgment (ECF 33).

On May 18, 2023, the U.S. Supreme Court decided *Polselli v. IRS*, which reaffirmed that courts should "assume that Congress 'acts intentionally and purposely' when it 'includes particular language in one section of a statute but omits it in another section of the same Act.'" 2023 WL 3511532, at *4 (U.S. May 18, 2023) (quoting *Sebelius v. Cloer*, 569 U.S. 369, 378 (2013)), attached as Exhibit A. That is especially true when the language "is in the adjacent section." *Id.*

Freedom Path's summary-judgment briefing raised this canon of statutory construction in contrasting the language in the adjacent sections of 26 U.S.C. § 501(c)(3) with § 501(c)(4). *See* ECF 34 at 11-12. Unlike Section 501(c)(4), Section 501(c)(3) expressly provides that "no substantial part" of a Section 501(c)(3) organization's activities can "influence legislation" and that such organizations may "not participate in, or intervene in . . . any political campaign." 26 U.S.C. § 501(c)(3). When Congress added those requirements to Section 501(c)(3), it declined to add them to Section 501(c)(4). Under the principles reaffirmed in *Polselli*, Congress's disparate

1

treatment of these two adjacent provisions in tax statutes strongly implies that Congress did not intend to prohibit Section 501(c)(4) organizations from engaging in political advocacy.

Applying this canon is highly relevant here. In part, this case concerns whether Defendant IRS improperly relied on Freedom Path's political speech to deny Freedom Path's application for status as a Section 501(c)(4) "social welfare organization." *See generally* ECF 30, 33. Congress provided that "organizations not organized for profit but operated exclusively for the promotion of social welfare" may qualify for tax-exempt status. 26 U.S.C. § 501(c)(4). As Freedom Path has argued, "independent-expenditure political speech promotes 'social welfare' within the meaning of Section 501(c)(4)." *See* ECF 34 at 10-13. Supporting that argument—and as explained above—Freedom Path has contrasted Congress's treatment of Section 501(c)(4) with 501(c)(3). *See* ECF 34 at 11-12.

Accordingly, Freedom Path respectfully requests this Court grant Plaintiff's Motion for Summary Judgment, declaring that Freedom Path qualifies as a 501(c)(4) social welfare organization.

Dated: May 19, 2023

Chris K. Gober
D.C. Bar No. 975981
The Gober Group PLLC
14425 Falcon Head Blvd. E-100
Austin, TX 78738
(512) 354-1783
cg@gobergroup.com

Respectfully submitted,

*s/ Scott A. Keller*
Scott A. Keller
D.C. Bar No. 1632053
Jeremy Evan Maltz
D.C. Bar No. 155451
Lehotsky Keller Cohn LLP
200 Massachusetts Ave. NW
Washington, DC 20001
(512) 693-8350
scott@lkcfirm.com

*Counsel for Plaintiff Freedom Path, Inc.*