**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| FREEDOM PATH, INC., | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-01349 (JMC) |
| | ) | |
| INTERNAL REVENUE SERVICE, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ | ) | |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff Freedom Path, Inc., submits this Notice of Supplemental Authority in support of its pending Motion for Summary Judgment (ECF 30) and Opposition to Defendants' Cross-Motion for Summary Judgment (ECF 33). This case concerns whether Freedom Path qualifies as a tax-exempt "public welfare organization" under 26 U.S.C. § 501(c)(4). The parties' cross-motions for summary judgment have been fully briefed and pending since April 2021.

On June 28, 2024, the U.S. Supreme Court decided *Loper Bright Enterprises v. Raimondo*, which held: "Courts must exercise their independent judgment in deciding whether an agency has acted within its statutory authority, as the [Administrative Procedure Act] requires." 2024 WL 3208360, at *22 (U.S. June 28, 2024), attached as Exhibit A. Thus, courts may not "defer to 'permissible' agency interpretations of the statutes those agencies administer," *id.* at *6, as *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984), required in some cases. In other words, "*Chevron* is overruled." *Loper Bright*, 2024 WL 3208360, at *22.

Defendants' reply brief in support of their Cross-Motion for Summary Judgment invoked the now-overruled *Chevron* deference in support of a key regulation at issue in the case. Specifically, Defendants contend that 26 C.F.R. § 1.501(c)(4)-1(a)(2)(ii) "was issued under the

authority contained in I.R.C. § 7805, T.D. 6391, 1959-2 C.B. 139, 1959 WL 68478 (1959), and is entitled to deference under *Chevron*." ECF 35 at 16. That regulation interpreted 26 U.S.C. § 501(c)(4): "The promotion of social welfare [under 26 U.S.C. § 501(c)(4)] does not include direct or indirect participation or intervention in political campaigns on behalf of or in opposition to any candidate for public office." 26 C.F.R. § 1.501(c)(4)-1(a)(2)(ii).

After *Loper Bright*, the IRS's regulations interpreting statutes it administers are entitled no deference, and this Court must "independently interpret" and "exercise independent judgment in construing," 2024 WL 3208360, at *16, *19, Congress's tax exemption for "organizations . . . operated exclusively for the promotion of social welfare," 26 U.S.C. § 501(c)(4)(A). As Freedom Path has explained, "independent-expenditure political speech does promote 'social welfare'" under the plain statutory text of 26 U.S.C. § 501(c)(4). *See* ECF 34 at 10; *see id.* at 10-13. It was therefore improper for the IRS to deny Freedom Path § 501(c)(4) status based on its independent expenditures.

Accordingly, Freedom Path respectfully requests this Court grant Plaintiff's Motion for Summary Judgment, declaring that Freedom Path qualifies as a § 501(c)(4) social welfare organization.

Dated: July 3, 2024

Respectfully submitted,

<u>s/ Scott A. Keller</u>

Chris K. Gober
D.C. Bar No. 975981
Vantage Legal
14425 Falcon Head Blvd. E-100
Austin, TX 78738
(512) 354-1783
cgober@vantage.network

Scott A. Keller
D.C. Bar No. 1632053
Jeremy Evan Maltz
D.C. Bar No. 155451
Lehotsky Keller Cohn LLP
200 Massachusetts Ave. NW
Washington, DC 20001
(512) 693-8350
scott@lkcfirm.com

*Counsel for Plaintiff Freedom Path, Inc.*