UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FREEDOM PATH, INC., ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-01349 (JMC) |
| ) | |
| INTERNAL REVENUE SERVICE, *et al.* ) | |
| ) | |
| Defendants. ) | |
| ) | |

## NOTICE OF SUPPLEMENTAL AUTHORITY

As the Court requested during oral argument on the parties' cross-motions for summary judgment, the defendants provide the most recent language and citations regarding Congress's prohibition on spending funds to issue standards regarding qualification for tax-exempt status under 26 U.S.C. § 501(c)(4). Congress most recently repeated that language in its appropriations Act for fiscal year 2024:

> During fiscal year 2024—
>
> (1) none of the funds made available in this or any other Act may be used by the Department of the Treasury, including the Internal Revenue Service, to issue, revise, or finalize any regulation, revenue ruling, or other guidance not limited to a particular taxpayer relating to the standard which is used to determine whether an organization is operated exclusively for the promotion of social welfare for purposes of section 501(c)(4) of the Internal Revenue Code of 1986 (including the proposed regulations published at 78 Fed. Reg. 71535 (November 29, 2013)); and
>
> (2) the standard and definitions as in effect on January 1, 2010, which are used to make such determinations shall apply after the date of the enactment of this Act for purposes of determining status under section 501(c)(4) of such Code of organizations created on, before, or after such date.

1

Further Consolidated Appropriations Act of 2024, Pub. L. No. 118-47, § 123 of Div. B, 138 Stat. 460, 530 (2024). Pertinent excerpts of the 2024 appropriations Act (Public Law 118-47) are attached as Exhibit A, with key provisions ringed in green.

Congress extended those restrictions on the IRS into the current fiscal year, which ends September 30, 2025. It did so by reference to the funding conditions in the 2024 appropriations Act, including specifically the restrictions in division B of Public Law 118-47. *See* Full-Year Continuing Appropriations and Extensions Act of 2025, Pub. L. No. 119-4, § 1101(a), (a)(5), 139 Stat. 9, 10-11 (2025) (appropriating funds for fiscal year 2025, unless specifically noted otherwise, "under the authority *and conditions* provided in applicable appropriations Acts for fiscal year 2024," including division B of Public Law 118-47) (emphasis added); *see also id.* § 1102, 139 Stat. at 12 (providing that fiscal year 2025 appropriations under the general provision of section 1101 "shall be available *to the extent* and in the manner that would be provided by the pertinent appropriations Act") (emphasis added).

Even more specifically, Congress barred the use of fiscal year 2025 appropriations "to initiate or resume any project or activity for which appropriations, funds, or other authority were specifically prohibited during fiscal year 2024." *Id.* § 1104, 139 Stat. at 12. Similarly, Congress extended through fiscal year 2025 "the *requirements*, authorities, *conditions, limitations*, and other provisions" of the pertinent 2024 appropriations Acts. *Id.* §§ 1105, 1106 139 Stat. at 12

(emphases added). A copy of the 2025 appropriations Act (Public Law 119-4) is attached as Exhibit B, with key provisions ringed in green.

Dated:  July 8, 2025

                                                */s/ Laura M. Conner*
Laura M. Conner (VA Bar No. 40388)
Nishant Kumar (DC Bar No. 1019053)
Richard Hagerman (NY Bar No. 5113303)
Trial Attorneys
Joseph A. Sergi (DC Bar No. 480837)
Senior Litigation Counsel
Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044
Tel: (202) 514-6438
Fax: (202) 514-6866
laura.m.conner@usdoj.gov
nishant.kumar@usdoj.gov
richard.j.hagerman@usdoj.gov
joseph.a.sergi@usdoj.gov

*Counsel for Defendants*

3