IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FREEDOM PATH, INC.,

*Plaintiff*,

v.

INTERNAL REVENUE SERVICE, *et al.*

*Defendants*.

Civil Action No.: 1:20-cv-01349-JMC

**STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF
FREEDOM PATH'S RENEWED MOTION FOR SUMMARY JUDGMENT**

Freedom Path, Inc., respectfully submits this Statement of Material Facts in support of its Motion for Summary Judgment, pursuant to Local Rule 7(h).

**Freedom Path**

1. Plaintiff Freedom Path is a nonprofit corporation organized under the Texas Business Organizations Code. AR.15-16; Answer ¶ 11.1.[1]

2. Freedom Path's mission is "to promote and defend the causes that recognize the individual rights and liberties guaranteed to all Americans[.]" AR.15.

3. Freedom Path "has advocated against excessive government spending, in favor of a Balanced Budget Amendment" and "against the Patient Protection and Affordable Care Act and various healthcare policies of the federal government." AR.47.

---

[1] Citations to the Administrative Record take the following form: AR.[Bates Number]. All citations to "Answer" are to the defendants' December 4, 2020 Answer. ECF 23.

1

**Freedom Path's Application for Exemption**

4.	On March 7, 2011, Freedom Path completed its Application for Exemption as a 26 U.S.C. § 501(c)(4) organization. AR.20-24.

5.	On February 13, 2012, the IRS requested that Freedom Path submit additional information, including the names of its donors. AR.25-33; Answer ¶ 74.

6.	Freedom Path complied with most of the IRS's requests for additional information, and it provided responses to the IRS on June 3, 2012. AR.44-173; Answer ¶ 77.

7.	Freedom Path did not provide the IRS with the names of Freedom Path's donors as the IRS requested because Freedom Path's view as stated in Freedom Path's response was that such information is not relevant to an organization's 26 U.S.C. § 501(c)(4) tax-exempt status. AR.46.

8.	On February 20, 2013, the IRS sent Freedom Path additional requests for information regarding Freedom Path's communications and activities. AR.174-77; Answer ¶ 80.

9.	Freedom Path provided some responses to these requests, but it largely declined to provide more detailed information because the IRS had just illegally disclosed Freedom Path's confidential tax information to a news organization. AR.182-94; Answer ¶ 81.

10.	On April 24, 2013, the IRS sent Freedom Path a follow-up letter with its February 2013 letter attached, stating that Freedom Path was required to provide the additional requested information from the February 2013 letter or "we will close your case" and "you may lose your right to ask a court for declaratory judgment on your exempt status." AR.195-96.

11. Sixteen days later, on May 10, 2013, Lois Lerner, then-IRS Director of Exempt Organizations, publicly apologized on behalf of the IRS for a pattern of intentionally and systematically targeting conservative organizations that applied for tax exemptions for additional and unconstitutional scrutiny.

12. On June 26, 2013, the IRS sent Freedom Path another letter stating that the IRS was instituting a new optional expedited process: "Optional Expedited Process for Certain Applications Under Section 501(c)(4)," for certain organizations applying for exemption under § 501(c)(4). AR.199-205; Answer ¶ 87.

13. The "Expedited Process" would have required Freedom Path to make (i) certain characterizations of its past and current advocacy activities and (ii) promises of forbearance regarding its future spending on advocacy activities, including communications that merely mention candidates. AR.204.

14. Freedom Path declined to participate in the optional expedited process. AR.215-230; Answer ¶ 90.

**IRS's 2013 Proposed Denial Letter**

15. On September 30, 2013, the IRS sent Freedom Path a letter that was a "proposed denial" of Freedom Path's Application for Exemption. AR.231-83; Answer ¶¶ 91-92.

16. The IRS's "proposed denial" letter applied the 11-factor Facts and Circumstances Test from IRS Revenue Ruling 2004-06 to analyze Freedom Path's television advertisements and mailers. AR.236-39.

17. The IRS calculated Freedom Path's total 2012 "direct expenditures" as $917,435. AR.231, 233.

18. Freedom Path reported to the IRS approximately $1,178,927 in 2012 expenditures. AR.860.

19. The IRS calculated Freedom Path's "direct expenditures" by taking Freedom Path's reported expenditures and "[e]xcluding the amounts [Freedom Path] paid vendors for fundraising, legal services, and administrative support." AR.233.

20. Freedom Path reported $360,748.91 in express advocacy to the Federal Election Commission ("FEC") in 2012. AR.889-921.

21. The "proposed denial" letter concluded that about 60% of Freedom Path's 2012 "direct expenditures" were attributable to "political campaign intervention." AR.239.

22. Freedom Path's reported express advocacy ($360,748.91) was approximately 30% of its total reported 2012 expenditures ($1,178,927).

23. Among other advertisements, the "proposed denial" letter concluded that two of Freedom Path's television advertisements, "Repeal It" and "Three Men," were political campaign intervention. AR.238.

**"Repeal It" Advertisement**

24. Freedom Path aired its "Repeal It" television advertisement statewide in Utah in late January and early February 2012. AR.295; Answer ¶ 154.

25. Freedom Path reported to the IRS that it spent an amount "[e]xceeding $150,000" on the "Repeal It" advertisement. AR.295.

26. The on-screen visuals/text and audio for Freedom Path's "Repeal It" advertisement stated (AR.884; Answer ¶ 155):

| Audio | On-Screen Visuals and Text |
|---|---|
| ObamaCare. A trillion dollars in new government spending. | Visual: Photo of President Obama next to a massive stack of paperwork and stethoscope.<br><br>Text: ObamaCare<br>$1.5 TRILLION<br>New Government Spending<br>Press Release, National Federation of Independent Business<br>Nov. 9, 2011 |
| And devastating to small business. | Visual: Sign that says, "CLOSED"<br><br>Text: ObamaCare<br>Devastating to Small Business |
| But ObamaCare can still be stopped. | Visual: Photo of President Obama next to a massive stack of paperwork and stethoscope.<br><br>Text: ObamaCare<br>CAN STILL BE STOPPED |
| Utah's Orrin Hatch has sponsored a bill to repeal it. The first to call it unconstitutional, Hatch has even personally signed a brief to have the courts nullify it. | Visual: Photo of Senator Orrin Hatch and photo of U.S. Capitol.<br><br>Text: U.S. Senator Orrin Hatch:<br>ObamaCare<br>REPEAL IT<br>S. 192 Repeal the Job-Killing Health Care Act |
| Declaring ObamaCare unconstitutional.<br><br>[cont.] | Visual: Photo of Senator Orrin Hatch and photo of U.S. Constitution.<br><br>Text: U.S. Senator Orrin Hatch:<br>ObamaCare UNCONSTITU-TIONAL<br>"Democrats Shred Constitution," Investor's Business Daily, Oct. 2009 |

5

| Senator Hatch has personally signed a brief to have the courts nullify it. | Visual: Photo of Senator Orrin Hatch and photo of hand signing document<br><br>Text: U.S. Senator Orrin Hatch:<br>ObamaCare<br>NULLIFY IT<br>"Democrats Shred Constitution," Investor's Business Daily, Oct. 2009 |
|---|---|
| Orrin Hatch, leading the conservative charge to repeal ObamaCare. | Visual: Photo of Senator Orrin Hatch<br><br>Text: Tell Senator Hatch:<br>Keep leading the fight!<br>Call (202) 224-3121<br>LEADING THE FIGHT AGAINST ObamaCare<br>Paid for by Freedom Path |

27. At the time the "Repeal It" advertisement aired, then-Senator Hatch was the ranking member of the Senate Finance Committee, which has oversight over the IRS—a federal agency tasked with implementation of many aspects of the Affordable Care Act. AR.296; Answer ¶ 157.

28. At the time the "Repeal It" advertisement aired, then-Senator Hatch was also a member of the Senate Health, Education, Labor, and Pensions Committee, which has oversight over the Department of Health and Human Services. AR.296; Answer ¶ 157.

29. On February 1, 2012, Senator Hatch signed on as a co-sponsor of legislation repealing certain aspects of the Affordable Care Act. AR.295.

30. On February 9, 2012, Senator Hatch was an original co-sponsor of an amendment to amend the Affordable Care Act to protect rights of conscience with regard to requirements for coverage of specific items and services. AR.295.

31. On February 17, 2012, the Senate voted on a budget compromise bill that would have offset new spending by reducing funds for certain programs tied to the 2012 healthcare overhaul. AR.295.

6

32. On March 1, 2012, the Senate voted on an amendment that would allow health insurance plans to deny coverage to provisions for medical services that run counter to the plan sponsor's or employer's religious beliefs and would also establish a private right of legal action for enforcement of the coverage exemptions. AR.296.

33. On May 16, 2012, the Senate voted to consider a plan to repeal the Affordable Care Act and its overhaul of the Medicare and Medicaid programs. AR.296.

34. On May 24, 2012, the Senate voted on an amendment that would repeal certain aspects of the Affordable Care Act. AR.296.

35. Throughout the rest of the decade, members of the U.S. Senate and U.S. House of Representatives proposed multiple bills to repeal the Affordable Care Act. AR.296; Answer ¶ 163.

36. The "Repeal It" advertisement finished airing more than sixty days before the Utah Republican State Convention on April 21, 2012. AR.295.

37. The "Repeal It" advertisement finished airing more than four months before the Republican primary election on June 26, 2012. AR.295.

**"Three Men" Advertisement**

38. Beginning on March 21, 2012, Freedom Path distributed another television advertisement, "Three Men," that also aired statewide in Utah. AR.293.

39. Freedom Path reported to the FEC that Freedom Path spent approximately $159,400 on the "Three Men" advertisement. AR.912, 916.

40. The on-screen visuals/text and audio for Freedom Path's "Three Men" advertisement stated (AR.885; Answer ¶ 165):

| Audio | On-Screen Visuals and Text |
|---|---|
|  |  |
| Debt. More than 15 trillion dollars that will cripple our next generation. | Visual: Image of a running National Debt Clock with debt increasing by the second; overlaying a background photo of the White House. |
| But conservative Utah Senators Orrin Hatch and Mike Lee have authored the Balanced Budget Amendment to stop Washington's runaway spending. | Visual: Photos of Senators Orrin Hatch and Mike Lee; photo of the U.S. Constitution; photo of a stop sign with the text "STOP RUNAWAY SPENDING"<br><br>Text: SENATOR ORRIN HATCH SENATOR MIKE LEE<br>Authors of the BALANCED BUDGET AMENDMENT<br>STOP RUNAWAY SPENDING |
| It's the bold conservative plan supported by Mitt Romney to get spending under control. | Visual: Photo of Mitt Romney; photo of the American flag<br>Text: BALANCED BUDGET AMENDMENT<br>BOLD CONSERVATIVE PLAN |
| Call Senators Hatch and Lee. | Visual: Photos of Senator Orrin Hatch, Senator Mike Lee, Mitt Romney<br><br>Text: Tell SENATORS HATCH and LEE: KEEP LEADING THE FIGHT!<br>Call (202) 224-3121 |
| Tell them to keep fighting for the Balanced Budget Amendment.<br><br><br><br>[cont.] | Visual: Photos of Senator Orrin Hatch, Senator Mike Lee, Mitt Romney<br><br>Text: Tell SENATORS HATCH and LEE: KEEP LEADING THE FIGHT!<br>FOR THE BALANCED BUDGED AMENDMENT |

8

| | |
|---|---|
| And for the future of America. | Visual: Photos of Senator Orrin Hatch, Senator Mike Lee, Mitt Romney<br><br>Text: Tell SENATORS HATCH and LEE: KEEP LEADING THE FIGHT!<br>FOR THE FUTURE OF AMERICA |
| Freedom Path is responsible for the content of this advertising. | Text: PAID FOR BY FREEDOM PATH. FREEDOM PATH IS RESPONSIBLE FOR THE CONTENT OF THIS ADVERTISING. NOT AUTHORIZED BY ANY CANDIDATE OR CANDIDATE'S COMMITTEE. WWW.FREEDOM-PATH.ORG |

41. Freedom Path aired its first advertisement encouraging the passage of a Balanced Budget Amendment in 2011. AR.291.

42. The Balanced Budget Amendment was subject to ongoing debate in Congress in 2012, as Freedom Path demonstrated by providing the IRS with multiple examples of policy proposals. AR.354-474.

43. On March 29, 2012, while the "Three Men" advertisement was still on the air, Senator Rand Paul introduced a budget resolution co-sponsored by Utah Senator Mike Lee that would have made "it out of order to consider in the Senate any budget resolution after the enactment of this resolution until a balanced budget amendment to the U.S. Constitution has been adopted, except by a supermajority waiver." S. Con. Res. 39, 112th Cong. (2012); AR.294.

**Proposed Denial Letter Analysis**

44. To assess Freedom Path's § 501(c)(4) status, the IRS examined whether Freedom Path is "primarily engaged in promoting in some way the common good and general welfare of the people of the community." AR.235.

45. The proposed denial letter block-quoted Revenue Ruling 2004-06's 11-part Facts and Circumstances Test. AR.236-37.

46. The Proposed Denial applied Revenue Ruling 2004-06 and the 11-part Facts and Circumstances Test to evaluate Freedom Path's political speech. AR.236-39.

47. The IRS further explained that what constitutes "political campaign intervention" is a facts-and-circumstances inquiry. AR.236-38 & n.7.

48. The proposed denial's analysis was based on evaluating a total of 6 television advertisements and 20 direct mailings issued by Freedom Path in 2012. AR.238.

49. According to the IRS, these 6 television advertisements and 20 direct mailings comprised "substantially all" (more than 90%) of Freedom Path's "direct expenditures" in 2012. AR.233.

50. The IRS concluded that the advertisements and direct mailings that constituted political campaign intervention amounted to 60% of Freedom Path's "direct expenditures"—whereas only an estimated 30% of Freedom Path's "direct expenditures" on advocacy did not constitute political campaign intervention. AR.239.

**Mail Advertisements Analysis**

51. The IRS acknowledged 12 of these 20 direct mailings were not political campaign intervention. AR.238; Answer ¶ 113.

52. The IRS determined that 8 of these direct mailings (2 of which mentioned Dan Liljenquist and 3 of which mentioned Senator Orrin Hatch) constituted political campaign intervention. AR.238.

**Television Advertisements Analysis**

53. The IRS concluded that 1 of Freedom Path's 6 video advertisements was not political campaign intervention. AR.238; Answer ¶ 112.

54. Freedom Path reported 3 of the 6 television advertisements to the FEC as independent expenditures "expressly advocating for the election or defeat of a clearly identified candidate." AR.238; Answer ¶ 111.

55. The IRS determined that the two remaining television advertisements, "Repeal It" and "Three Men," were "political campaign intervention" in support of Senator Hatch's candidacy under the 11-part Facts and Circumstances Test. AR.238; Answer ¶ 116.

56. Freedom Path reported "Three Men" to the FEC as an "electioneering communication" under the Bipartisan Campaign Reform Act because the advertisement mentioned a candidate for office (Senator Hatch) and was aired within 30 days of the Utah Republican Party convention, where candidates could "win the [Republican] Party nomination for U.S. Senate outright with a sufficient percentage of the delegate vote." AR.233; Answer ¶ 121.

57. In concluding that Freedom Path spent 60% of its "direct expenditures" on political campaign intervention, the IRS determined that Freedom Path spent about $550,000 (that is 60% of $917,435) on political campaign intervention in 2012.

58. Together, as reported to the IRS and FEC, "Three Men" and "Repeal It" accounted for about $319,400 of Freedom Path's expenditures in 2012. AR.293, 295.

59. Under the IRS's calculations, had the IRS determined that both "Repeal It" and "Three Men" were not political campaign intervention, Freedom Path would have spent about $230,600 on political campaign intervention (that is, $319,400 less than $550,000), and Freedom Path's political campaign intervention would have accounted for about 25% of Freedom Path's $917,435 in "direct expenditures."

11

**IRS Appeals Officer's Analysis**

60.     Freedom Path filed a response to the 2013 proposed denial letter disputing the constitutionality of the Facts and Circumstances Test and its application to Freedom Path's application. AR.285-735; Answer ¶ 94.

61.     On December 6, 2019, an IRS Appeals Officer sent Freedom Path a letter recommending to uphold the IRS's conclusion in its 2013 proposed denial letter. AR.846-54.

62.     The Appeals Officer concluded that Freedom Path's total political expenditures account for $553,751 of Freedom Path's total expenditures of $1,068,966.70. AR.846.

63.     The Appeals Officer concluded that political campaign intervention accounted for 51.80% of Freedom Path's total expenditures. AR.846.

64.     The Appeals Officer concluded that Freedom Path's two television advertisements concerning the Affordable Care Act were not political campaign intervention. AR.848.

65.     There are only two Freedom Path television advertisements concerning the Affordable Care Act in the record. AR.884, 887.

66.     One of the Freedom Path television advertisements concerning the Affordable Care Act in the record is the "Repeal It" advertisement. AR.884.

**Final Denial Letter**

67.     On February 20, 2020, the IRS sent a final adverse determination letter that concluded that Freedom Path's "primary activity is making political expenditures in support or in opposition of candidates running for elected office." AR.855-59; Answer ¶ 97.

68.     The IRS's conclusion in its Final Adverse Determination relied on the analysis in the IRS's 2013 proposed denial letter.

69. The 2013 proposed denial letter and the Appeals Officer's analysis are the IRS's only substantive analysis of Freedom Path's Application in the record. AR.231-40; AR.846-54.

70. On February 20, 2020, the IRS also sent Freedom Path a Notice of Intention to Disclose, along with a redacted denial letter dated February 20, 2020 that otherwise reproduced the IRS's analysis in its 2013 proposed denial letter. AR.922-33.

**This Court's Decision**

71. Freedom Path sued Defendants in the U.S. District Court for the District of Columbia on May 20, 2020 to challenge the IRS's denial of its Section 501(c)(4) application. ECF 1.

72. The parties filed cross-motions for summary judgment on April 20, 2021. ECF 30, 32.

73. On September 30, 2025, this Court granted in part and denied in part Freedom Path's motion for summary judgment and denied in full the IRS's cross-motion for summary judgment. ECF 48.

74. The Court's order on the cross-motions for summary judgment determined that the IRS's standards applied in denying Freedom Path's Section 501(c)(4) application are "unconstitutionally vague." *See* ECF 48.

75. Further, the Court instructed the parties to "file renewed motions [for summary judgment] advancing interpretations of the Primary Activity inquiry and Political Activity inquiry that are (a) not unconstitutionally vague and (b) appropriately rooted in the statutory and regulatory scheme, and constitutional principles, that govern this tax exemption in light of the Court's findings in [its] opinion." ECF 48 at 60.

| | |
|---|---|
| Dated: February 27, 2026 | Respectfully submitted, |
| | */s/ Scott A. Keller* |
| Chris K. Gober | Scott A. Keller (D.C. Bar # 1632053) |
| D.C. Bar No. 975981 | Jeremy Evan Maltz (D.C. Bar # 155451) |
| Lex Politica PLLC | LEHOTSKY KELLER COHN LLP |
| 14425 Falcon Head Blvd. E-100 | 200 Massachusetts Ave. NW |
| Austin, TX 78738 | Washington, DC 20001 |
| (512) 354-1783 | (512) 693-8350 |
| cgober@lexpolitica.com | scott@lkcfirm.com |

*Counsel for Plaintiff Freedom Path, Inc.*